UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:  24-60953-CIV-DIMITROULEAS/HUNT

CHAMBERLAIN YACHT SALES, INC.
a Florida corporation,

Plaintiff,

vs.

PHOENIX GLOBAL EQUITY
PARTNERS LIMITED, a United Kingdom Company,
J FREUND PC, a California Corporation, and
JONATHAN FREUND,

Defendants.
_____/

### PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANTS, JONATHAN FREUND'S AND J FREUND PC'S FAILURE TO APPEAR AT DEPOSITION

Plaintiff, CHAMBERLAIN YACHT SALES, INC. (hereinafter, "CHAMBERLAIN" and "Plaintiff"), by and through its undersigned counsel and pursuant to Fed. R. Civ. P. 37(d), hereby files this, its Motion For Sanctions For Defendants', JONATHAN FREUND's And J FREUND PC's Failure To Appear At Deposition, and states as follows:

1. Defendant, JONATHAN FREUND, has failed to attend two duly noticed depositions on June 2, 2025 and on June 16, 2025, without moving for a protective order or extension of time.  Defendant, J FREUND PC, also failed to appear for its duly noticed deposition in aid of execution on June 16, 2025.  Sanctions are appropriate under the circumstances against both Defendants as the discovery deadline has passed and Plaintiff's efforts to prosecute this case, both as to the underlying case and in execution on the Judgement (ECF No. 86) are being frustrated by the actions of the Defendants.

2. Counsel for Plaintiff made numerous requests for dates certain for the first deposition of Defendant, JONATHAN FREUND, including emails requesting his availability for deposition sent on May 9, 2025 and May 19, 2025. Mr. Freund did not respond with available dates.

3. Accordingly, on May 19, 2025, Plaintiff set the deposition of Mr. Freund to occur on June 2, 2025, prior to discovery cutoff on June 4, 2025. (Notice of Freund dep., Composite Ex. 1 at 5-7. *See* ECF No. 28 at 2.) On June 2, 2025, the date of the deposition, an individual named Stephen Crump purporting to act on behalf of Mr. Freund, and believed to be an attorney with Mr. Freund's law firm[1], responded: "I have just been informed that Mr. Freund will not be able to make the deposition as he has had a medical issue which would prevent him from being deposed." (Composite Ex. 2 at 11.)[2] No further explanation was given as to the medical issue and no alternate dates were provided.

4. Mr. Freund failed to appear for his noticed deposition, and Plaintiff obtained a Certificate of Non-Appearance and issued a statement on the record indicating Mr. Freund's failure to appear. (Composite Ex. 1.) As a result of Mr. Freund's failure to appear, Plaintiff incurred $562.70 in expenses for the deposition for the Court reporter attendance, transcript, certificate, word index, exhibits, and videographer. (United Invoices, Composite Ex. 3.)

5. Plaintiff's counsel advised Mr. Freund on June 2, 2025 that the deposition proceeded in light of the discovery cutoff deadline being on June 4, 2025, that it intended to move the Court for a 10-day extension of discovery to take the deposition, and requested Mr. Freund's availability for the deposition. (Composite Ex. 2 at 10.)

---

[1] *See* law firm website, https://freundlegal.com/about (last accessed June 16, 2025).
[2] Redactions are made in the email communications for confidential settlement communications. *See* Fed. R. Evid. 408(a); *Blu-J, Inc. v. Kemper C.P.A. Grp.*, 916 F.2d 637, 642 (11th Cir. 1990).

6. Plaintiff filed a Motion, granted by the Court to extend the June 4, 2025 discovery deadline through and including June 16, 2025 for the limited purpose of conducting the deposition of JONATHAN FREUND. (*See* ECF No.'s 92, 95.)

7. Counsel for Plaintiff again requested Mr. Freund's availability for the resetting of his deposition, including in an email sent on June 3, 2025. (Composite Ex. 2 at 9-10.) Mr. Freund did not respond with available dates.

8. Accordingly, on June 3, 2025, Plaintiff set the deposition of Mr. Freund to occur on June 16, 2025, prior to the extended discovery deadline for the taking of the deposition on June 16, 2025. (Re-Notice of Freund dep., Composite Ex. 4 at 5-7. *See* ECF No. 95.) Also, on June 3, 2025, Plaintiff set the deposition of the representative of Defendant, J FREUND PC to occur on June 16, 2025, immediately after the conclusion of Mr. Freund's deposition. (Notice of J FREUND PC dep., Composite Ex. 5 at 5-10.)

9. Plaintiff's counsel exchanged emails with attorney, Mr. Freund and/or the individual acting on his behalf, believed to be attorney Stephen Crump, in which Plaintiff's counsel consistently reminded Mr. Freund that the depositions set for June 16, 2025 would proceed absent a written settlement agreement being entered into by June 16, 2025. (Composite Ex. 2 at 3-6.) Plaintiff's counsel also advised Freund on numerous occasions that "if Mr. Freund has medical issues that prevent his attendance, then he will need to file a motion with the Court seeking a protective order / extension of time." (Composite Ex. 2 at 3, 6.)

10. Mr. Freund failed to appear for his second noticed deposition, and Plaintiff obtained a Certificate of Non-Appearance and issued a statement on the record indicating Mr. Freund's failure to appear for the second time. (Composite Ex. 4.) As a result of Mr. Freund's failure to

appear for the second time, Plaintiff incurred $204.20 in expenses for the deposition for the Court reporter attendance, transcript, certificate, word index, and exhibits. (United Invoices, Ex. 6.)

11. It was not until June 16, 2025 at 12:01 PM (EST), **59 minutes before** Mr. Freund's deposition at 1:00PM (EST), and in response to numerous emails from Plaintiff's counsel following up regarding the reset June 16, 2025 depositions, that some unidentified individual responded regarding the depositions stating that Freund again would not attend his deposition. An individual using the address info@freundlegal.com sent an unsigned email stating: "As stated previously, Mr. Freund is unable to attend his deposition due to a medical condition. Accordingly, he will be moving the Court for a protective order / extension of time." (Composite Ex. 2 at 2-3.) However, as shown in the attached email string (Ex. 2), Mr. Freund did not previously advise that he would not attend the deposition. For example, Mr. Crump emailed on June 13, 2025, that "I have conferred with Mr. Freund who is recovering from a health issue and has not been in the office" (Composite Ex. 2 at 3-4); and on June 12, 2025, "[a]pologies for not getting back to you. He is still not in the office out on a medical issue" (Composite Ex. 2 at 6). Freund did not say he could not or would not appear for the depositions scheduled on June 16, 2025.

12. After receiving the unsigned June 16, 2025 email, Plaintiff's counsel requested an explanation as to the alleged medical condition that has prevented Mr. Freund's attendance and whether anyone would appear for the deposition of the representative of J FREUND PC to occur later in the day. (Composite Ex. 2 at 2.) No response was received.

13. Freund has not identified his medical condition or how it prevented him from having his deposition taken both on June 2, 2025 and June 16, 2025.

14. The representative of J FREUND PC also failed to appear for its noticed deposition, later in the day on June 16, 2025, and Plaintiff obtained a Certificate of Non-Appearance and

issued a statement on the record indicating its representative's failure to appear. (Composite Ex. 5.) As a result of J FREUND PC's failure to appear, Plaintiff incurred $251.20 in expenses for the deposition for the Court reporter attendance, transcript, certificate, word index, and exhibits. (United Invoices, Ex. 6.)

15. Mr. Freund and J FREUND PC have not filed a motion for protective order and/or extension for discovery prior to their scheduled depositions taking place, nor have they filed same as of the date of this filing.

16. Plaintiff is prejudiced by Mr. Freund and J FREUND PC's conduct as it is potentially left to try the case without the benefit having deposed the Mr. Freund or J FREUND PC's representative with no recourse to ensure the future deposition given the passing of discovery cutoff. Plaintiff's efforts to execute on its Judgment (ECF No. 86) are also frustrated by Defendants' actions.

17. Mr. Freund filed his belated Answer and Affirmative Defenses in this case (ECF No. 84) on April 28, 2025, when the Court required it be filed on or before April 25, 2025. (ECF No. 66.) The Court issued an Order to Show Cause Why Motion for Default Judgment Should Not Be Granted, which required Mr. Freund to file a response on or before May 12, 2025 (ECF No. 82 at 2), but Mr. Freund has failed to file a response in compliance with the Order.

18. Mr. Freund's and J FREUND PC's conduct of failing to appear at their previously noticed depositions justifies the imposition of sanctions pursuant to Fla. R. Civ. P. 37(d).

19. The circumstances justify sanctions of striking Mr. Freund's Answer and Affirmative Defenses (ECF No. 84) based on his failure to appear at two duly noticed depositions, and in light of the circumstances of discovery cutoff having passed and his violations of the Court's orders.

20. Plaintiff should also be awarded Court reporter and videographer fees totaling $766.90 against Defendant, Mr. Freund for his failure to attend the June 2, 2025 and June 16, 2025 depositions of Mr. Freund, and $251.20 against Defendant, J FREUND PC for its failure to attend the June 16, 2025 deposition of J FREUND PC's representative; as well as Plaintiff's counsel's attorneys' fees for preparing for and attending the three depositions and for preparation of this Motion.

## MEMORANDUM OF LAW

Plaintiff is entitled to relief from the Court for sanctions for Mr. Freund's and J FREUND PC's violation of the Federal Rules by failing to appear at their duly noticed June 2, 2025 and June 16, 2025 depositions.

> Rule 37(d) provides,
>
> [t]he court where the action is pending may, on motion, order sanctions if:
> (i) a party or a party's officer, director, or managing agent—or a person designated under Rule 30(b)(6) or 31(a)(4)—fails, after being served with proper notice, to appear for that person's deposition; . . .
>
> (3) Types of Sanctions. Sanctions may include any of the orders listed in Rule 37(b)(2)(A)(i)–(vi). Instead of or in addition to these sanctions, the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(d). Sanctions listed in Rule 37(b)(2)(A)(i)–(vi) are:

> (i) directing that the matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims;
> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;
> (iii) striking pleadings in whole or in part;
> (iv) staying further proceedings until the order is obeyed;
> (v) dismissing the action or proceeding in whole or in part;
> (vi) rendering a default judgment against the disobedient party; or
> (vii) treating as contempt of court the failure to obey any order except an order to submit to a physical or mental examination.

Additionally, "the Court can also impose sanctions pursuant to the Court's inherent power." *Dude v. Cong. Plaza, LLC*, No. 17-80522-CIV, 2018 U.S. Dist. LEXIS 123249, at *15 (S.D. Fla. July 20, 2018). Monetary sanctions are mandatory unless a party's failure to comply with the Court's Orders and to attend deposition were "substantially justified" or circumstances are present that "make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C); 37(d)(3). *See Allstate Ins. Co. v. Palterovich,* No. 04-21402-CIV, 2008 U.S. Dist. LEXIS 64909, at *17-18 (S.D. Fla. July 12, 2008) (striking Defendant's Answer and awarding Plaintiffs' attorneys' fees and costs reasonably incurred for bringing its Motion as sanctions due to Defendant's failure to attend duly noticed depositions in violation of discovery orders).

The sanction of the striking of Mr. Freund's Answer and Affirmative Defenses (ECF No. 84) is appropriate in this case since it demonstrates a bad faith failure to permit discovery and to comply with the Court's discovery orders (ECF No's 28, 95.) *See Reed v. Fulton County Gov't,* 170 Fed. Appx. 674, 675-76 (11th Cir. 2006) (affirming dismissal after finding that a party's failure to attend his deposition "[d]espite numerous attempts by" the opposing party "to schedule a deposition, and the court's order compelling his attendance . . . demonstrates [his] willful disregard for the court's order"); *Shawmut Boston Int'l Banking Corp. v. Duque-Pena*, 767 F.2d 1504, 1507 (11th Cir. 1985) (affirming default judgment against defendant for failing to appear at numerous depositions because "his flouting of the district court's authority and [the plaintiff's] right to depose him furnished adequate proof that he acted willfully"); *Allstate Ins. Co. v. Palterovich,* No. 04-21402-CIV, 2008 U.S. Dist. LEXIS 64909, at *17-18 (S.D. Fla. July 12, 2008) (striking Defendant's Answer and awarding Plaintiffs' attorneys' fees and costs reasonably incurred for bringing its Motion as sanctions due to Defendant's failure to attend duly noticed depositions in violation of discovery orders); *Mishkin v. Jeannine Gurian Trust No. One*, No. 06-80489-CIV-

RYSKAMP/VITUNAC, 2008 U.S. Dist. LEXIS 20038, at *9-11 (S.D. Fla. Mar. 12, 2008) (imposing default judgment as a sanction for a party's failure to comply with Court Orders and failing provide a credible reason to explain her non-appearance at her deposition). Mr. Freund is an attorney licensed to practice law in the state of California.[3] His misconduct shows a willful and flagrant disregard given his status as an actively licensed attorney and he cannot claim a misunderstanding regarding his obligation to attend duly noticed depositions.

     Mr. Freund failed to attend two scheduled depositions on June 2, 2025 and June 16, 2025 due to an alleged medical issue. Mr. Freund failed to coordinate with Plaintiff's counsel to provide available dates for the taking of his deposition prior to their setting. Despite numerous emails sent by Plaintiff's counsel to Defendant, JONATHAN FREUND, and Stephen Crump from Mr. Freund's office on June 2, 3, 6, 10, 13, and 16, 2025 in a good faith effort to schedule the deposition of Mr. Freund and the representative for J FREUND PC, no response has been received from Mr. Freund to date providing his or the representatives' availability for deposition within the discovery period. (*See* Composite Ex. 2.) Mr. Freund failed to explain his alleged medical condition and how it prevented his attendance of depositions over the course of two weeks. Mr. Freund in both cases of his failure to attend, did not give advance notice that he would not attend prior to the date of the depositions. Mr. Freund's conduct constitutes a pattern of misconduct, that necessitated Plaintiff filing a Motion to extend discovery (ECF No. 92) and that ultimately resulted in the passing of discovery cutoff on the extended June 16, 2025 deadline without the deposition having been taken. Mr. Freund shows no willingness to submit to discovery, but rather to engage in gamesmanship and avoidance. Plaintiff's ability to prosecute the case with respect to Mr. Freund

---

[3] State Bar of California website, https://apps.calbar.ca.gov/attorney/Licensee/Detail/157357 (last accessed June 17, 2025.)

and to execute on its Judgment (ECF No. 86) is severely prejudiced as a result of Mr. Freund's misconduct.

Defendant's conduct also violates the Court's discovery orders (ECF No.'s 28, 95), which provide strict discovery deadlines, by failing to appear at the two duly noticed depositions and failing to provide alternate available dates within the discovery period.  Additionally, Mr. Freund has violated other orders of the Court.  He filed his belated Answer and Affirmative Defenses in this case (ECF No. 84) on April 28, 2025, when the Court required it be filed on or before April 25, 2025.  (ECF No. 66.)  The Court issued an Order to Show Cause Why Motion for Default Judgment Should Not Be Granted, which required Mr. Freund to file a response on or before May 12, 2025 (ECF No. 82 at 2), but Mr. Freund has failed to file a response in compliance with the Order.  Thus, Mr. Freund's Answer and Affirmative Defenses (ECF No. 84) should be stricken.

Plaintiff should also be awarded Court reporter and videographer fees totaling $766.90 against Defendant, Mr. Freund for his failure to attend the June 2, 2025 and June 16, 2025 depositions of Mr. Freund, and $251.20 against Defendant, J FREUND PC for its failure to attend the June 16, 2025 deposition of J FREUND PC's representative. Finally, Plaintiff is entitled to an award of its attorneys' fees and costs reasonably incurred for bringing this Motion, and for preparing for and attending the three depositions pursuant to Fed. R. Civ. P. 37(d)(3).

**WHEREFORE**, Plaintiff, CHAMBERLAIN YACHT SALES, INC., respectfully requests the Court enter an Order as follows:

1.  imposing sanctions against Defendant, JONATHAN FREUND pursuant to Fed. R. Civ. P. 37(d) for his failure to attend scheduled depositions on June 2, 2025 and June 16, 2025 as follows: striking of his Answer and Affirmative Defenses (ECF No. 84); and awarding a total of $766.90 in favor of Plaintiff, CHAMBERLAIN YACHT SALES, INC. and against Defendant,

JONATHAN FREUND, for expenses for the two missed depositions on June 2, 2025 and June 16, 2025 for fees for the Court reporter attendance, transcript, certificate, word index, and exhibits, and videographer; and for an award of its attorneys' fees and costs reasonably incurred for bringing this Motion and for preparing for and attending the June 2 and 16, 2025 scheduled depositions of Mr. Freund pursuant to Fed. R. Civ. P. 37(d)(3).

2. imposing sanctions against Defendant, J FREUND PC pursuant to Fed. R. Civ. P. 37(d) for its failure to attend a scheduled deposition on June 16, 2025 as follows: awarding a total of $251.20 in favor of Plaintiff, CHAMBERLAIN YACHT SALES, INC. and against Defendant, J FREUND PC, for expenses for the June 16, 2025 missed deposition for fees for the Court reporter attendance, transcript, certificate, word index, and exhibits; and for an award of its attorneys' fees and costs reasonably incurred for bringing this Motion and for preparing for and attending the June 16, 2025 scheduled deposition of J FREUND PC pursuant to Fed. R. Civ. P. 37(d)(3).

## CERTIFICATE OF GOOD FAITH CONFERENCE

Pursuant to Local Rule 7.1(a)(3)(A), I HEREBY CERTIFY that counsel for the movant has made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but has been unable to do so. J FREUND PC, and PHOENIX GLOBAL EQUITY PARTNERS LIMITED are in default, with a judgment against them, and are entities that are not represented by counsel. (*See* ECF No.'s 86, 87.) Counsel for the movant has sent an email to Defendant, JONATHAN FREUND, and Stephen Crump from Mr. Freund's office on June 2, 3, 6, 10, 13, and 16, 2025 in a good faith effort to schedule the deposition of Mr. Freund and the representative for J FREUND PC. (Composite Ex. 2.) No response has been received from Mr. Freund to date providing his or the representatives' availability for deposition within the discovery period.

Dated this 17th day of June, 2025.

Respectfully Submitted,

FERTIG AND GRAMLING

    200 Southeast 13th Street
    Fort Lauderdale, FL 33316
    Phone: (954) 763-5020
    Fax:  (954) 763-5412
    *Attorneys for Plaintiff, CHAMBERLAIN YACHT SALES, INC.*

    By: /s Christopher R. Fertig
    CHRISTOPHER R. FERTIG, ESQ.
    Florida Bar No.: 218421
    Email: crf@fertig.com

    and

    By: /s Alexander P. Koffler
    ALEXANDER P. KOFFLER, ESQ.
    Florida Bar No.: 41301
    Email: apk@fertig.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served on this 17th day of June, 2025, on all counsel or parties of record via the Court's CM/ECF system and pursuant to the Service List below in the manner specified.

    By: /s Alexander P. Koffler
    ALEXANDER P. KOFFLER, ESQ.

## SERVICE LIST

| | |
|---|---|
| CHRISTOPHER R. FERTIG, ESQ.<br>Florida Bar No.: 218421<br>Emails: crf@fertig.com, aurora@fertig.com<br>ALEXANDER P. KOFFLER, ESQ.<br>Florida Bar No.: 41301<br>Emails: apk@fertig.com, amonast@fertig.com<br>FERTIG AND GRAMLING<br>200 Southeast 13th Street<br>Fort Lauderdale, FL 33316<br>Phone: (954) 763-5020<br>Fax: (954) 763-5412<br>*Attorneys for Plaintiff, Plaintiff, CHAMBERLAIN YACHT SALES, INC.* | JONATHAN FREUND<br>1247 Beverly View Dr.,<br>Beverly Hills, CA 90210<br>and<br>9229 W Sunset Blvd, Ste 303<br>West Hollywood, CA 90069<br>and<br>427 N. Camden Drive, Suite H<br>Beverly Hills, CA 90210<br>Email: jonathan@freundlegal.com<br>Served via U.S. Mail (3 addresses) and Email |
| PHOENIX GLOBAL EQUITY PARTNERS LIMITED, a United Kingdom Company | J FREUND PC<br>c/o Jonathan Freund |

| | |
|---|---|
| c/o Jonathan Freund<br>427 N. Camden Drive, Suite H<br>Beverly Hills, CA 90210<br>and<br>1247 Beverly View Dr.,<br>Beverly Hills, CA 90210<br>Email: jonathan@freundlegal.com<br>Served via U.S. Mail (both addresses) and Email | 427 N. Camden Drive, Suite H<br>Beverly Hills, CA 90210<br>and<br>1247 Beverly View Dr.,<br>Beverly Hills, CA 90210<br>Email: jonathan@freundlegal.com<br>Served via U.S. Mail (both addresses) and Email |