UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO. 24-60953-CIV-DIMITROULEAS/HUNT

CHAMBERLAIN YACHT SALES, INC.,
a Florida corporation,

Plaintiff,

vs.

PHOENIX GLOBAL EQUITY
PARTNERS LIMITED, a United Kingdom Company,
J FREUND PC, a California Corporation, and
JONATHAN FREUND,

Defendants.
_______________________________________/

**REPORT AND RECOMMENDATION**

THIS CAUSE is before this Court on Plaintiff's Motion for Attorney Fees Against Defendant, Jonathan Freund. ECF No. 129. The Honorable William P. Dimitrouleas, United States District Judge, referred the Motion to the undersigned United States Magistrate Judge for appropriate ruling. ECF No. 130; *see also* 28 U.S.C. § 636(b); S.D. Fla. L.R., Mag. R. 1. Upon thorough review of the Motion, the record, and being otherwise fully advised in the premises, the undersigned hereby RECOMMENDS that the Motion be GRANTED as set forth below.

**BACKGROUND**

This case arises out of a failed yacht sale between Plaintiff Chamberlain Yacht Sales, Inc., and Defendant Phoenix Global Equity Partners Limited ("Phoenix"). ECF No. 37. Defendant Jonathan Freund, through his law firm Defendant J Freund PC, served as

escrow agent for the transaction. *Id.* In August 2025, the parties settled the claims in this lawsuit. ECF No. 103.

After reaching a settlement, however, the parties entered a long dispute concerning the payment of settlement funds. Upon Plaintiff's Motion for Order to Show Cause, ECF No. 109, the undersigned recommended that Mr. Freund be held in contempt and sanctioned for his violation of Court orders. *See* ECF No. 123 at 5 ("[D]espite numerous deadline extensions, Mr. Freund has failed to abide by the deadlines set by the Court."). Subsequently, the Court entered an Amended Final Judgment ordering that:

> 1. Judgment is entered in favor of Plaintiff, Chamberlain Yacht Sales, Inc[.,] and against Defendant Jonathan Freund.
>
> 2. Jonathan Freund shall pay Plaintiff $375,000.00, plus pre- and post-judgment interest, for which sum let execution issue.
>
> 3. Defendant Jonathan Freund shall pay $100.00 to the Court Registry in sanctions.
>
> . . .
>
> 6. Plaintiff may file a renewed motion for attorneys' fees in light of this final judgment.

ECF No. 127 at 1. Plaintiff now seeks reasonable attorney's fees. ECF No. 129.

## ANALYSIS

As an initial matter, Plaintiff represents that the Motion is "unopposed." ECF No. 129 at 1 n.1. Plaintiff's counsel represents that he attempted to confer with Mr. Freund multiple times about this fees request. *See id.* at 13–14 (identifying multiple emails, phone calls, text messages, and voicemails as conferral attempts). Plaintiff's counsel represents that on January 8, 2026, Mr. Freund stated in a text message to Plaintiff's counsel, "I don't object to your attorneys fees." *Id.* at 14. Mr. Freund did not respond to the Motion. Though the Motion is unopposed, "[c]ourts are not authorized to be generous with the

money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999).

**A. Entitlement to Attorney's Fees**

Plaintiff contends that it is entitled to an award of attorney's fees as a contempt sanction against Mr. Freund. Plaintiff argues the award should "compensate Plaintiff for losses sustained as a result of not being paid the settlement and continuing to litigate for recovery of same." ECF No. 129 at 6.

The undersigned has already stated that Plaintiff is "likely entitled to reasonable attorney's fees as compensation for litigation of the underlying [Motion for Order to Show Cause]." ECF No. 123 at 8 (citing *Tom James Co. v. Morgan*, 141 F. App'x 894, 899 (11th Cir. 2005)). The Court may award attorney's fees as a contempt sanction. *See Citronelle-Mobile Gathering, Inc. v. Watkins*, 943 F.2d 1297, 1304 (11th Cir. 1991) (noting that the district court has "numerous options" in imposing sanctions designed to ensure compliance with court orders, including "a coercive daily fine, a compensatory fine, attorney's fees and expenses to the Receiver, and coercive incarceration"); *see also Adams v. Cleveland Clinic Fla.*, No. 20-80247-CIV-RUIZ, 2022 WL 278955, at *5 (S.D. Fla. Jan. 31, 2022) (ordering defendant to pay reasonable expenses, including attorney's fees, incurred by plaintiff in connection with defendant's failure to comply with settlement agreement).

Additionally, Plaintiff argues that an attorney's fee provision in the settlement agreement supports its entitlement to an attorney's fee award. That provision states:

> If any Party commences any action arising out of this Agreement, including, without limitation, any action to enforce or interpret this Agreement, the

> prevailing Party in such action shall be entitled to recover its reasonable attorneys' fees and other expenses incurred in such action, including all attorneys' fees and costs on appeal, and including attorneys' fees and costs incurred litigating the amount of fees and costs (fees for fees).

ECF No. 129-1 ¶ 12. This language supports Plaintiff's entitlement to fees incurred while litigating the breach of the settlement agreement. *See Rogers v. W.R. Berkley Corp.*, No. 25-60420-CIV-DIMITROULEAS/HUNT, 2026 WL 286564, at *1 (S.D. Fla. Jan. 13, 2026) (finding that defendant is entitled to reasonable attorney's fees based on relevant clause in undisputed settlement agreement), *report and recommendation adopted*, No. 25-60420-CIV-DIMITROULEAS/HUNT, 2026 WL 280814 (S.D. Fla. Feb. 3, 2026). Given the above, Plaintiff is entitled to an award of reasonable attorney's fees.

This Court uses the lodestar method to calculate reasonable attorney's fees, multiplying a reasonable hourly rate by the number of hours reasonably expended. *See Norman v. House. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). A reasonable hourly rate for attorney's fees is determined by evaluating "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)); *see also Barnes*, 168 F.3d at 438 ("The significant disparity in their experience should be reflected in the rates awarded."); *Brown v. Sch. Bd. of Broward Cty.*, No. 08-61592-CIV-DIMITROULEAS, 2010 WL 3282584, at *3 (S.D. Fla. June 30, 2010) (reducing the requested hourly rate).

The movant bears the burden of proving the requested rate is consistent with prevailing market rates. *Norman*, 836 F.2d at 1299. In addition to evidence presented by the movant, "[a] court . . . is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an

independent judgment either with or without the aid of witnesses as to value." *Id.* at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)) (internal quotation marks omitted). Thus, even when the submitted evidence is deficient, a court has the power to make a fee award without the need of further pleadings or an evidentiary hearing. *Id.*

Moreover, "[a]n evidentiary hearing is unnecessary for issues about which the district court possesses sufficient expertise: 'Such matters might include the reasonableness of the fee, the reasonableness of the hours, and [the] significance of the outcome.'" *Thompson v. Pharmacy Corp. of Am.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (quoting *Norman*, 826 F.2d at 1309). The primary issues here are the reasonableness of counsel's hourly rate and the reasonableness of the number of hours expended, matters over which this Court possesses sufficient expertise.

**B. Amount of Attorney's Fees**

Plaintiff seeks an attorney's fees award in the total amount of $8,865.00. Plaintiff requests an hourly rate of $450.00 for 19.7 hours of work done by one associate, Alexander Koffler. The Motion is supported by an affidavit from Mr. Koffler and billing records. ECF No. 129-2.

**1. Reasonable Hourly Rate**

When "determining what is a 'reasonable' hourly rate and what number of compensable hours is 'reasonable,'" this Court must consider twelve factors:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability"

> of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.
>
> The reasonable hourly rate is defined as the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation. The fee applicant bears the burden of establishing the claimed market rate. The Court may use its own experience in assessing the reasonableness of attorney's fees.

*Meyrowitz v. Brendel*, 16-81793-CIV-MARRA, 2018 WL 4440492, at *3 (S.D. Fla. Sept. 17, 2018) (internal quotations and citations omitted). Generally, "[a] reasonable hourly rate is one that is adequate to attract competent counsel in the relevant legal market, but yet does not produce a windfall to that attorney." *Hermosilla v. Coca-Cola Co.*, No. 10-21418-CIV-TORRES, 2011 WL 9364952, at *8 (S.D. Fla. July 15, 2011), *subsequently aff'd*, 492 F. App'x 73 (11th Cir. 2012) (citing *Blum v. Stenson*, 465 U.S. 886, 894–95 (1984)).

This Court has considered Mr. Koffler's affidavit and the twelve factors. Mr. Koffler is a senior maritime associate at Fertig and Gramling with over eighteen years of experience. Mr. Koffler represents that the firm's contingency fee agreement establishes a $450.00 per hour rate for associates. Based on that and Mr. Koffler's practice, reputation, and legal experience, he requests a rate of $450.00 per hour. Comparable fee awards indicate the requested rate is reasonable. *See Karpel v. Knauf Gips KG*, No. 21-24168-CIV-SCOLA, 2023 WL 22173, at *2 (S.D. Fla. Jan. 3, 2023) (finding that attorney rates ranging from $365.00 to $595.00 were reasonable). Accordingly, Mr. Koffler's requested hourly rate of $450.00 is approved.

**2. Hours Reasonably Expended**

Upon determination of the hourly rate, a court must determine the reasonable number of hours expended in the litigation. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Inquiry into the reasonable number of hours focuses on an attorney's exercise of "billing judgment," such as the attorney's exclusion of hours "that would be unreasonable to bill a client, and therefore to one's adversary irrespective of the skill, reputation, or experience of counsel." *Barnes*, 168 F.3d at 428 (cleaned up). Fee applicants must exclude hours that were not "reasonably expended" or that are determined to be "excessive, redundant, or otherwise unnecessary" from their fee calculations. *Hensley*, 461 U.S. at 434.

"If the court concluded that the number of claimed hours is excessive, it may engage in 'an across-the-board cut,' so long as it provides adequate explanation for the decrease." *Galdames v. N & D Inv. Corp.*, 432 F. App'x 801, 806 (11th Cir. 2001). Courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). The essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

According to Plaintiff, Mr. Koffler spent 19.7 hours litigating the breach of the settlement agreement. The billing records appended to the Motion primarily reflect time spent preparing motions, researching the law, and attending hearings in this Court. This includes, for example, drafting a Motion to Compel Discovery in Aid of Execution. The undersigned finds the number of hours claimed to be reasonable.

**3. Lodestar Amount and Adjustment**

"[T]here is a 'strong presumption' that the lodestar figure is reasonable, but that presumption may be overcome in those rare circumstances in which the lodestar does not adequately take into account a factor that may properly be considered in determining a reasonable fee." *Perdue v. Kenny A.*, 559 U.S. 542, 553 (2010). The Supreme Court has specifically identified three circumstances that may justify a deviation from the lodestar amount: 1) "where the method used in determining the hourly rate employed in the lodestar calculation does not adequately measure the attorney's true market value, as demonstrated in part during the litigation"; 2) "if the attorney's performance includes an extraordinary outlay of expenses and the litigation is exceptionally protracted"; and 3) when there are "extraordinary circumstances in which an attorney's performance involves exceptional delay in the payment of fees." *Id*. at 554–56.

Here, the undersigned finds no reason to depart from the lodestar calculation in this case. Therefore, Plaintiff should be awarded for 19.7 hours of work by Mr. Koffler at a rate of $450.00 per hour. A straightforward calculation reaches the total award amount of $8,865.00.

## RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that Plaintiff's Motion for Attorney's Fees, ECF No. 129, be GRANTED, such that Plaintiff be awarded attorney's fees in the amount of $8,865.00.

Within fourteen (14) days after being served with a copy of this Report and Recommendation, any Party may serve and file written objections to any of the above finding and recommendations as provided by the Local Rules for this district. 28 U.S.C. §636(b)(1); S.D. Fla. Mag. R. 4(b). The Parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE and SUBMITTED** at Fort Lauderdale, Florida, this 28th day of July 2026.



PATRICK M. HUNT
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Honorable William P. Dimitrouleas
All Counsel of Record